# Case Docket Entries

CC-20-2025-C-1356

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Court: | **Circuit** | County: | **20 - Kanawha** | Created Date: | **11/13/2025** | Security Level: | **Public** |
| Judge: | **Jennifer F. Bailey** | Case Type: | **Civil** | Case Sub-Type: | **Tort** | Status: | **Open** |

Related Cases:

Style: **Chelsey Ullom v. Safeco Insurance Company of America**

EXHIBIT A

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 11/13/2025 1:54:36 PM | E-Filed | | Complaint |
| | 1-1 11/13/2025 | Civil Case Information Statement | | |
| | 1-2 11/13/2025 | Complaint - Plaintiff's Complaint | | |
| | 1-3 11/13/2025 | Transmittal | | |
| | 1-4 11/13/2025 | Summons | | |
| 2 | 11/13/2025 1:54:36 PM | Judge Assigned | J-20017 | Jennifer F. Bailey |
| 3 | 11/13/2025 1:54:36 PM | Party Added | P-001 | Chelsey Ullom |
| 4 | 11/13/2025 1:54:36 PM | Party Added | D-001 | Safeco Insurance Company of America |
| 5 | 11/13/2025 1:54:36 PM | Party Added | D-002 | Liberty Mutual Insurance Company |
| 6 | 11/13/2025 1:54:36 PM | Party Added | D-003 | Nicholas Black |
| 7 | 11/13/2025 1:54:36 PM | Attorney Listed | P-001 | A-2022 - Brent K. Kesner |
| 8 | 11/13/2025 1:54:36 PM | Attorney Listed | P-001 | A-12944 - Anthony Edward Nortz |
| 9 | 11/13/2025 1:54:36 PM | Attorney Listed | P-001 | A-13642 - Kevin Charles Kidd |
| 10 | 11/13/2025 1:54:36 PM | Attorney Listed | P-001 | A-8557 - Eric J. Holmes |
| 11 | 11/13/2025 1:54:36 PM | Attorney Listed | P-001 | A-8814 - Kevin Carroll Harris |
| 12 | 11/13/2025 1:54:36 PM | Service Requested | D-001 | Filer - Secretary of State |
| 13 | 11/13/2025 1:54:36 PM | Service Requested | D-002 | Filer - Secretary of State |
| 14 | 11/13/2025 1:54:36 PM | Service Requested | D-003 | Filer - Secretary of State |
| 15 | 3/4/2026 3:50:34 PM | E-Filed | | Motion - Extension of Time |
| | 15-1 3/4/2026 | Motion - Motion for Additional Time to Serve Complaint Upon Defendant | | |
| | 15-2 3/4/2026 | Transmittal | | |
| 16 | 3/4/2026 5:08:57 PM | E-Filed | | Order - Motion - ORDER EXTENDING TIME TO SERVE COMPLAINT |
| | 16-1 3/4/2026 | Order - ORDER EXTENDING TIME TO SERVE COMPLAINT | | |
| | 16-2 3/4/2026 | Supporting Document - Proposed Order Extending Time to Serve Complaint | | |
| | 16-3 3/4/2026 | Transmittal | | |
| 17 | 3/11/2026 2:33:51 PM | E-Docketed | | Supporting Documents - Acceptance of Service by Secretary of State as to Nicholas Black |
| | 17-1 3/11/2026 | Supporting Document - Acceptance of Service by Secretary of State as to Nicholas Black | | |
| | 17-2 3/11/2026 | Transmittal | | |
| 18 | 3/11/2026 2:49:24 PM | E-Docketed | | Supporting Documents - Acceptance of Service by Secretary of State as to Liberty Mutual Insurance Company |
| | 18-1 3/11/2026 | Supporting Document - Acceptance of Service by Secretary of State as to Liberty Mutual Insurance Company | | |
| | 18-2 3/11/2026 | Transmittal | | |
| 19 | 3/11/2026 2:52:50 PM | E-Docketed | | Supporting Documents - Acceptance of Service by Secretary of State as to Safeco Insurance Company of America |
| | 19-1 3/11/2026 | Supporting Document - Acceptance of Service by Secretary of State as to Safeco Insurance Company of America | | |
| | 19-2 3/11/2026 | Transmittal | | |

# COVER SHEET

E-FILED | 11/13/2025 1:54 PM
CC-20-2025-C-1356
Kanawha County Circuit Clerk
Cathy S. Gatson

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA

**Chelsey Ullom v. Safeco Insurance Company of America**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**Judge:** Jennifer F. Bailey

## COMPLAINT INFORMATION

**Case Type:** Civil

**Complaint Type:** Tort

**Origin:** ☑ Initial Filing ☐ Appeal from Municipal Court ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No

**Case will be ready for trial by:** 11/16/2026

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: ____________________

☐ I am proceeding without an attorney

☑ I have an attorney: Brent Kesner, PO Box 2587 , Charleston, WV 25329

# SERVED PARTIES

**Name:** Safeco Insurance Company of America

**Address:** Corporation Service Company 808 Greenbrier Street, Charleston WV 25311

**Days to Answer:** 30 **Type of Service:** Filer - Secretary of State

---

**Name:** Liberty Mutual Insurance Company

**Address:** Corporation Service Company 808 Greenbrier Street, Charleston WV 25311

**Days to Answer:** 30 **Type of Service:** Filer - Secretary of State

---

**Name:** Nicholas Black

**Address:** 5801 Coppock Lane, Indianapolis IN 46221

**Days to Answer:** 30 **Type of Service:** Filer - Secretary of State

---

CSC

null / ALL
**Transmittal Number: 33524698**
**Date Processed: 03/12/2026**

# Notice of Service of Process

**Primary Contact:** Janet Nolan
Liberty Mutual Insurance Company
175 Berkeley St
Boston, MA 02116-5066

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Chelsey Ullom vs. Safeco Insurance Company of America; Liberty Mutual Insurance Company |
| **Matter Name/ID:** | Chelsey Ullom vs. Safeco Insurance Company Of America (18822071) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Kanawha County Circuit Court, WV |
| **Case/Reference No:** | CC-20-2025-C-1356 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 03/12/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Secretary Of State in West Virginia on 03/09/2026 |
| **How Served:** | Certified Mail |
| Sender Information: | Kesner & Kesner, PLLC<br>304-345-5200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0004 7915 32

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

LIBERTY MUTUAL INSURANCE COMPANY
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

**Control Number:** 355816

**Defendant:** LIBERTY MUTUAL INSURANCE COMPANY
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company

**County:** Kanawha

**Civil Action:** CC-20-2025-C-1356

**Certified Number:** 92148901125134100004791532

**Service Date:** 3/9/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 11/13/2025 1:54 PM
CC-20-2025-C-1356
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Chelsey Ullom v. Safeco Insurance Company of America**

Service Type: Filer - Secretary of State

NOTICE TO: Liberty Mutual Insurance Company, Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Brent Kesner, PO Box 2587, , Charleston, WV 25329

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

SERVICE:

| 11/13/2025 1:54:31 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

2026 MAR -9 A 10: 01

| ____________________ | ____________________ |
|---|---|
| Date | Server's Signature |

E-FILED | 11/13/2025 1:54 PM
CC-20-2025-C-1356
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**CHELSEY ULLOM,**

**Plaintiff,**

**v.**

**Civil Action No. __________**
**Honorable _______________**

**SAFECO INSURANCE COMPANY OF AMERICA,**
**LIBERTY MUTUAL INSURANCE COMPANY,**
**AND NICHOLAS BLACK,**

**Defendants.**

**PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, Chelsey Ullom ("Plaintiff" or "Insured"), who for her *Complaint* against Safeco Insurance Company of America ("Safeco"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Nicholas Black ("Black")(collectively "the Liberty Defendants") states as follows:

**PARTIES, JURISDICTION, AND APPLICABLE LAW**

1. At all times relevant to this action, Plaintiff was a resident of Evans, Jackson County, West Virginia.

2. Upon information and belief, Defendant Black was at all times relevant to this Complaint a resident of a state other than West Virginia, and was employed by Defendant Safeco and/or Defendant Liberty.

3. Upon information and belief, Defendant Safeco is a New Hampshire corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Defendant Safeco does business in the State of West Virginia, including selling policies, insuring vehicles, and adjusting claims in Kanawha County, West Virginia.

4. Upon information and belief, Defendant Liberty Mutual is a Massachusetts Corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts

02116. Defendant Liberty Mutual does business in the State of West Virginia, including selling policies, insuring vehicles, and adjusting claims in Kanawha County, West Virginia.

5. Upon information and belief, Defendant Liberty Mutual is the parent company of Defendant Safeco and controls the operations of Defendant Safeco.

6. Upon information and belief, Defendant Safeco operates under the policies, procedures, and guidelines of Defendant Liberty Mutual.

7. Pursuant to W.Va. Code § 56-1-1(a)(1), jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, inasmuch as Defendants Safeco and Liberty Mutual each do business in Kanawha County, West Virginia.

8. At all times relevant to this Complaint, Defendant Black was acting within the course and scope of his employment with Defendants Safeco and/or Liberty Mutual, and they are chargeable with his acts and omissions under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty, respondeat superior, and/or insurance regulatory law.

9. At all relevant times, the Liberty Defendants were engaged in the business of insurance in the State of West Virginia, as defined by Chapter 33 of the West Virginia Code, and were subject to the laws of West Virginia and the Rules and Regulations adopted and promulgated by the West Virginia Insurance Commissioner.

**FACTUAL BACKGROUND**

10. At all times relevant to this *Complaint*, Plaintiff was insured under Safeco Insurance Company of America Policy No. K3578260 ("the Policy"), with relevant effective dates of coverage from July 1, 2022, to July 1, 2023.

11. The Policy provided Underinsured Motorist coverage Plaintiff's 2021 Honda Accord for bodily injury in the amount of $100,000.00 and medical payments coverage in the amount of $1,000.00.

12. All premiums were timely paid by Plaintiff for the Policy as due, and Plaintiff has complied with the material terms, conditions, and requirements of the Policy.

13. On or about November 5, 2022, Plaintiff was the driver of a vehicle that was traveling on Route 62, near Ripley, Jackson County, West Virginia.

14. On or about November 5, 2022, Randy Nichols was driving in a careless and reckless manner, and struck Plaintiff's vehicle ("the Accident").

15. At the time of the Accident, Randy Nichols was driving and struck Plaintiff's vehicle, he was intoxicated.

16. As a direct and proximate result of the negligence, carelessness and recklessnes of Randy Nichols, Plaintiff was severely injured and incurred medical damages in excess of the policy limits carried by Mr. Nichols.

17. Following the Accident, Plaintiff provided the Liberty Defendants with timely notification of the accident and Plaintiff's damages.

18. Ultimately, Plaintiff reached a resolution of her bodily injury claim with Mr. Nichols' insurance carrier for the limits of his insurance coverage.

19. On August 16, 2023, Defendant Safeco consented to Plaintiff's settlement with Mr. Nichols for his insurance limits in the amount of $25,000.00 and waived its subrogation rights.

20. Plaintiff's injuries and damages suffered as a result of the Accident far exceed the $25,000.00 of liability coverage benefits received from Randy Nichols' insurer.

21. Plaintiff's Policy includes underinsured motorists ("UIM") coverage benefits. Accordingly, Plaintiff made a demand to Defendants for her UIM limits under the Policy due to the clear liability of Mr. Nichols and the substantial damages suffered by Plaintiff.

22. In response, Defendants offered only $8,640.50 to resolve Plaintiff's UIM claim under the Policy.

23. Defendants' offer of $8,640.50 was clearly insufficient to compensate Plaintiff for the injuries and damages she sustained as a result of the Accident.

24. On January 22, 2025, Plaintiff made a reduced demand to Defendants of $50,000.00.

25. In response, Defendants increased its offer minimally to $12,000.00 to resolve the claim in March of 2025.

26. Defendants' offer of $12,000.00 was clearly insufficient to compensate Plaintiff for the injuries and damages she sustained as a result of the Accident.

27. Defendants failed and refused to properly investigate the extent of Plaintiff's injuries and damages arising from the Accident.

28. The Defendants have failed to offer and pay Plaintiff the amounts owed under the Policy.

29. As a direct and proximate result of the Liberty Defendants' acts and omissions, Plaintiff has suffered consequential damages and substantial emotional stress and mental anguish.

30. Under the laws of the State of West Virginia, Defendant Safeco is responsible for the consequential damages arising from its breach of its contractual duties and obligations owed to Plaintiff.

31. The Liberty Defendants failed and refused to conduct a thorough, fair, and objective investigation of Plaintiff's claim in connection with the November 5, 2022 accident.

32. Defendant Safeco failed to adopt and implement reasonable standards for the prompt investigation and handling of claims and refused to pay all amounts owed to Plaintiff related to the Accident without conducting a reasonable investigation based upon all available information.

33. The Liberty Defendants failed and refused to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendant Safeco's liability to Plaintiff was reasonably clear, in violation of W.Va. Code §33-11-4(9)(f).

34. The Liberty Defendants have forced Plaintiff to institute litigation to recover the UIM benefits due under the Policy.

35. The Liberty Defendants failed and refused to properly adjust, handle, and timely pay Plaintiff's claim for benefits due and owing under the Policy, which has caused Plaintiff significant economic and non-economic damages.

36. Due to the Liberty Defendants' actions, Plaintiff has sustained damages, including the loss of the insurance proceeds to which she is entitled; the consequential damages arising from the Liberty Defendants' delay; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the Liberty Defendants' conduct.

**COUNT I – BREACH OF CONTRACT**
**(SAFECO)**

37. Plaintiff restates and re-alleges, as though fully incorporated into Count I, each and every allegation contained in Paragraphs 1 through 33 of this *Complaint*.

38. Pursuant to the terms of the Policy, Defendant Safeco is, and has been, obligated to pay UIM benefits to Plaintiff for the injuries she suffered as a result of the Accident.

39. Defendant Safeco's delay and refusal to pay Plaintiff for the injuries and damages she suffered as a result of the Accident constitutes a breach of the terms of the Policy and Defendant

Safeco's contractual duties to Plaintiff and have caused foreseeable consequential damages to Plaintiff.

40. As a direct and proximate result of Defendant Safeco's breach of its duties and obligations under the Policy, Plaintiff has sustained damages, including the loss of the UIM insurance benefits to which she is entitled; the consequential damages flowing from Defendant Safeco's breach of its contracted duties and obligations, economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the conduct of Defendant Safeco.

**COUNT II – COMMON-LAW "BAD FAITH"**
**(SAFECO)**

41. Plaintiff restates and re-alleges, as though fully incorporated into Count II, each and every allegation contained in Paragraphs 1 through 37 of this *Complaint*.

42. Through its actions described herein, including the unreasonable delay and refusal to pay Plaintiff for the injuries and damages suffered as a result of the Accident, Defendant Safeco breached its common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common-law bad faith."

43. In particular, through its actions, delay, and refusal to pay Plaintiff for her injuries and damages suffered as a result of the Accident, Defendant Safeco breached its duty of good faith:

a) By failing to conduct an adequate, timely and thorough investigation to determine the UIM policy benefits due and owing to Plaintiff;

b) By failing to conduct a complete investigation and inspection regarding the extent of Plaintiff's damages suffered as a result of the Accident;

c) By offering a clearing insufficient amount to Plaintiff to settle her UIM claim without a factual or legal basis; and

d) By favoring its own interests over the interests of its insured.

44. As a direct and proximate result of Defendant Safeco's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Safeco her economic and non-economic damages outlined herein, including the attorneys' fees and costs Plaintiff has incurred and will incur as a result of Defendant Safeco's conduct.

45. Defendant Safeco acted with intent and knowingly, with actual malice, such that Plaintiff is entitled to an award of punitive damages against Defendant Safeco.

**COUNT III – UNFAIR TRADE PRACTICES**
**(THE LIBERTY DEFENDANTS)**

46. Plaintiff restates and re-alleges, as though fully incorporated into Count III, each and every allegation contained in Paragraphs 1 through 42 of this *Complaint.*

47. The Liberty Defendants had adequate notice of Plaintiff's claim for UIM benefits and had adequate time to investigate any insurance coverage issues and were not in any way prejudiced by the timeliness or lack of timeliness of notification of Plaintiff's claim.

48. At all times relevant herein, the Liberty Defendants failed and refused to conduct a prompt and reasonable investigation based on all available information, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(c) and W. Va. Code §33-11-4(9)(d).

49. In particular, the Liberty Defendants failed and refused to fully, completely, and timely investigate the Accident, the damages suffered by Plaintiff as a result of the Accident, and the treatment necessary to ensure Plaintiff's recovery, in order to pay the UIM benefits owed under the Policy.

50. At all times relevant herein, the Liberty Defendants failed and refused to effectuate a prompt, fair and equitable settlement of Plaintiff's claims by refusing to pay for the damages suffered by Plaintiff as a result of the Accident, despite the fact that Defendant Safeco's liability

was reasonably clear, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(f).

51. Specifically, the Liberty Defendants failed and refused to pay Plaintiff's entire claim for damages she was entitled to recover from Mr. Nichols as a result of the Accident, despite being provided with the information that Mr. Nichols was completely at fault and being provided with Plaintiff's medical records and bills for the injuries and damages sustained as a result of the Accident.

52. Through their refusal to pay Plaintiff the amount owed under the Policy, the Liberty Defendants compelled Plaintiff to retain counsel and to institute this action in order to recover the amounts due Plaintiff under the Policy, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(g).

53. The Liberty Defendants' conduct, as described hereinabove, is part of their general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations.

54. In particular, the violations of the Liberty Defendants in connection with the handling of Plaintiff's claim demonstrates a pattern and practice of violating the Unfair Trade Practices Act by the Liberty Defendants as opposed to an isolated incident.

55. As a direct and proximate result of the Liberty Defendants' violations of applicable consumer protection statutes, Plaintiff has suffered annoyance, inconvenience, aggravation and emotional distress, and have been forced to incur the attorneys' fees and costs associated with pursuing their claims and instituting the present action in order to recover the insurance proceeds owed by Defendant Safeco.

56. This Court has jurisdiction over this action against the Liberty Defendants for their violations of West Virginia's consumer protection statutes and regulations, and Plaintiff is entitled

to an award of damages for her legal fees and costs, net economic losses and other damages pursuant to said cause of action.

57. From their initial notification of Plaintiff's claim, the Liberty Defendants acted willfully, intentionally and maliciously, predetermined to delay and deny payment of the UIM benefits due and owing to Plaintiff under the Policy.

58. At all times relevant herein, the Liberty Defendants acted with the deliberate and malicious intent to injure and harm Plaintiff, in violation of their duties under the Unfair Trade Practices Act and the West Virginia Insurance Regulations as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff and all of which warrants and commands an award of punitive damages against the Liberty Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Liberty Defendants, as follows:

a) An award of compensatory damages against Defendant Safeco in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Safeco's breach of contract;

b) An award of compensatory damages against Defendant Safeco in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Safeco's common law bad faith and its breach of its duty of good faith and fair dealing to Plaintiff;

c) An award of compensatory damages against the Liberty Defendants in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of the actions of the Liberty Defendants in violating the Unfair Trade Practices Act as a business practice;

d) An award of punitive damages against Defendant Safeco in connection with its actual malice, bad faith and its breach of its duty of good faith and fair dealing, in connection with its handling of the Plaintiff's UIM claim for damages resulting from the automobile accident on November 5, 2022;

e) An award of punitive damages against the Liberty Defendants in connection with their actual malice in violating the Unfair Trade Practices Act as a business practice in the handling of the Plaintiff's UIM claim; and

f) An award of pre-judgment interest, post-judgment interest, and court costs, and such further and additional relief as the Court and/or jury deems just and proper in connection with the Plaintiff's claim and the Liberty Defendants' acts and omissions.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**CHELSEY ULLOM,**

**By counsel,**

/s/ Brent K. Kesner

Brent K. Kesner (WVSB #2022)
Anthony E. Nortz (WVSB #12944)
Kevin C. Kidd (WVSB #13642)
**Kesner & Kesner, PLLC**
112 Capitol Street
Charleston, WV 25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265
bkesner@kesnerlaw.com
anortz@kesnerlaw.com
kkidd@kesnerlaw.com

and

Eric J. Holmes (WVSB #8557)
Kevin C. Harris (WVSB #8814)
**Law Offices of Harris and Holmes, PLLC**
115 North Church Street
Ripley, WV 25271
*Phone:* (304) 372-7004
*Fax:* (304) 372-7042
eric@harrisholmeslaw.com
kevin@harrisholmeslaw.com
*Counsel for Plaintiff*

CERTIFIED MAIL

US POSTAGE IMI PITNEY BOWES

ZIP 25311 $ 010.29[0]
02 4W
0000377385 MAR. 10. 2026

CSC

null / ALL
**Transmittal Number: 33524698**
**Date Processed: 03/12/2026**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Janet Nolan<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Chelsey Ullom vs. Safeco Insurance Company of America; Liberty Mutual Insurance Company |
| **Matter Name/ID:** | Chelsey Ullom vs. Safeco Insurance Company Of America (18822071) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Kanawha County Circuit Court, WV |
| **Case/Reference No:** | CC-20-2025-C-1356 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 03/12/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Secretary Of State in West Virginia on 03/09/2026 |
| **How Served:** | Certified Mail |
| Sender Information: | Kesner & Kesner, PLLC<br>304-345-5200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0004 7915 32

Kris Warner
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

LIBERTY MUTUAL INSURANCE COMPANY
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

**Control Number:** 355816

**Defendant:** LIBERTY MUTUAL INSURANCE COMPANY
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company

**County:** Kanawha

**Civil Action:** CC-20-2025-C-1356

**Certified Number:** 92148901125134100004791532

**Service Date:** 3/9/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 11/13/2025 1:54 PM
CC-20-2025-C-1356
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Chelsey Ullom v. Safeco Insurance Company of America**

Service Type: Filer - Secretary of State

NOTICE TO: Liberty Mutual Insurance Company, Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Brent Kesner, PO Box 2587, , Charleston, WV 25329

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/13/2025 1:54:31 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

| ______________________ | ______________________ |
|---|---|
| Date | Server's Signature |

2026 MAR -9 A 10: 01

E-FILED | 11/13/2025 1:54 PM
CC-20-2025-C-1356
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**CHELSEY ULLOM,**

**Plaintiff,**

**v.** **Civil Action No. __________**
**Honorable ________________**

**SAFECO INSURANCE COMPANY OF AMERICA,**
**LIBERTY MUTUAL INSURANCE COMPANY,**
**AND NICHOLAS BLACK,**

**Defendants.**

**PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, Chelsey Ullom ("Plaintiff" or "Insured"), who for her *Complaint* against Safeco Insurance Company of America ("Safeco"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Nicholas Black ("Black")(collectively "the Liberty Defendants") states as follows:

**PARTIES, JURISDICTION, AND APPLICABLE LAW**

1. At all times relevant to this action, Plaintiff was a resident of Evans, Jackson County, West Virginia.

2. Upon information and belief, Defendant Black was at all times relevant to this Complaint a resident of a state other than West Virginia, and was employed by Defendant Safeco and/or Defendant Liberty.

3. Upon information and belief, Defendant Safeco is a New Hampshire corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Defendant Safeco does business in the State of West Virginia, including selling policies, insuring vehicles, and adjusting claims in Kanawha County, West Virginia.

4. Upon information and belief, Defendant Liberty Mutual is a Massachusetts Corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts

02116. Defendant Liberty Mutual does business in the State of West Virginia, including selling policies, insuring vehicles, and adjusting claims in Kanawha County, West Virginia.

5. Upon information and belief, Defendant Liberty Mutual is the parent company of Defendant Safeco and controls the operations of Defendant Safeco.

6. Upon information and belief, Defendant Safeco operates under the policies, procedures, and guidelines of Defendant Liberty Mutual.

7. Pursuant to W.Va. Code § 56-1-1(a)(1), jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, inasmuch as Defendants Safeco and Liberty Mutual each do business in Kanawha County, West Virginia.

8. At all times relevant to this Complaint, Defendant Black was acting within the course and scope of his employment with Defendants Safeco and/or Liberty Mutual, and they are chargeable with his acts and omissions under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty, respondeat superior, and/or insurance regulatory law.

9. At all relevant times, the Liberty Defendants were engaged in the business of insurance in the State of West Virginia, as defined by Chapter 33 of the West Virginia Code, and were subject to the laws of West Virginia and the Rules and Regulations adopted and promulgated by the West Virginia Insurance Commissioner.

## FACTUAL BACKGROUND

10. At all times relevant to this *Complaint*, Plaintiff was insured under Safeco Insurance Company of America Policy No. K3578260 ("the Policy"), with relevant effective dates of coverage from July 1, 2022, to July 1, 2023.

11. The Policy provided Underinsured Motorist coverage Plaintiff's 2021 Honda Accord for bodily injury in the amount of $100,000.00 and medical payments coverage in the amount of $1,000.00.

12. All premiums were timely paid by Plaintiff for the Policy as due, and Plaintiff has complied with the material terms, conditions, and requirements of the Policy.

13. On or about November 5, 2022, Plaintiff was the driver of a vehicle that was traveling on Route 62, near Ripley, Jackson County, West Virginia.

14. On or about November 5, 2022, Randy Nichols was driving in a careless and reckless manner, and struck Plaintiff's vehicle ("the Accident").

15. At the time of the Accident, Randy Nichols was driving and struck Plaintiff's vehicle, he was intoxicated.

16. As a direct and proximate result of the negligence, carelessness and recklessnes of Randy Nichols, Plaintiff was severely injured and incurred medical damages in excess of the policy limits carried by Mr. Nichols.

17. Following the Accident, Plaintiff provided the Liberty Defendants with timely notification of the accident and Plaintiff's damages.

18. Ultimately, Plaintiff reached a resolution of her bodily injury claim with Mr. Nichols' insurance carrier for the limits of his insurance coverage.

19. On August 16, 2023, Defendant Safeco consented to Plaintiff's settlement with Mr. Nichols for his insurance limits in the amount of $25,000.00 and waived its subrogation rights.

20. Plaintiff's injuries and damages suffered as a result of the Accident far exceed the $25,000.00 of liability coverage benefits received from Randy Nichols' insurer.

21. Plaintiff's Policy includes underinsured motorists ("UIM") coverage benefits. Accordingly, Plaintiff made a demand to Defendants for her UIM limits under the Policy due to the clear liability of Mr. Nichols and the substantial damages suffered by Plaintiff.

22. In response, Defendants offered only $8,640.50 to resolve Plaintiff's UIM claim under the Policy.

23. Defendants' offer of $8,640.50 was clearly insufficient to compensate Plaintiff for the injuries and damages she sustained as a result of the Accident.

24. On January 22, 2025, Plaintiff made a reduced demand to Defendants of $50,000.00.

25. In response, Defendants increased its offer minimally to $12,000.00 to resolve the claim in March of 2025.

26. Defendants' offer of $12,000.00 was clearly insufficient to compensate Plaintiff for the injuries and damages she sustained as a result of the Accident.

27. Defendants failed and refused to properly investigate the extent of Plaintiff's injuries and damages arising from the Accident.

28. The Defendants have failed to offer and pay Plaintiff the amounts owed under the Policy.

29. As a direct and proximate result of the Liberty Defendants' acts and omissions, Plaintiff has suffered consequential damages and substantial emotional stress and mental anguish.

30. Under the laws of the State of West Virginia, Defendant Safeco is responsible for the consequential damages arising from its breach of its contractual duties and obligations owed to Plaintiff.

31. The Liberty Defendants failed and refused to conduct a thorough, fair, and objective investigation of Plaintiff's claim in connection with the November 5, 2022 accident.

32. Defendant Safeco failed to adopt and implement reasonable standards for the prompt investigation and handling of claims and refused to pay all amounts owed to Plaintiff related to the Accident without conducting a reasonable investigation based upon all available information.

33. The Liberty Defendants failed and refused to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendant Safeco's liability to Plaintiff was reasonably clear, in violation of W.Va. Code §33-11-4(9)(f).

34. The Liberty Defendants have forced Plaintiff to institute litigation to recover the UIM benefits due under the Policy.

35. The Liberty Defendants failed and refused to properly adjust, handle, and timely pay Plaintiff's claim for benefits due and owing under the Policy, which has caused Plaintiff significant economic and non-economic damages.

36. Due to the Liberty Defendants' actions, Plaintiff has sustained damages, including the loss of the insurance proceeds to which she is entitled; the consequential damages arising from the Liberty Defendants' delay; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the Liberty Defendants' conduct.

**COUNT I – BREACH OF CONTRACT**
**(SAFECO)**

37. Plaintiff restates and re-alleges, as though fully incorporated into Count I, each and every allegation contained in Paragraphs 1 through 33 of this *Complaint*.

38. Pursuant to the terms of the Policy, Defendant Safeco is, and has been, obligated to pay UIM benefits to Plaintiff for the injuries she suffered as a result of the Accident.

39. Defendant Safeco's delay and refusal to pay Plaintiff for the injuries and damages she suffered as a result of the Accident constitutes a breach of the terms of the Policy and Defendant

Safeco's contractual duties to Plaintiff and have caused foreseeable consequential damages to Plaintiff.

40. As a direct and proximate result of Defendant Safeco's breach of its duties and obligations under the Policy, Plaintiff has sustained damages, including the loss of the UIM insurance benefits to which she is entitled; the consequential damages flowing from Defendant Safeco's breach of its contracted duties and obligations, economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the conduct of Defendant Safeco.

**COUNT II – COMMON-LAW "BAD FAITH"**
**(SAFECO)**

41. Plaintiff restates and re-alleges, as though fully incorporated into Count II, each and every allegation contained in Paragraphs 1 through 37 of this *Complaint*.

42. Through its actions described herein, including the unreasonable delay and refusal to pay Plaintiff for the injuries and damages suffered as a result of the Accident, Defendant Safeco breached its common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common-law bad faith."

43. In particular, through its actions, delay, and refusal to pay Plaintiff for her injuries and damages suffered as a result of the Accident, Defendant Safeco breached its duty of good faith:

a) By failing to conduct an adequate, timely and thorough investigation to determine the UIM policy benefits due and owing to Plaintiff;

b) By failing to conduct a complete investigation and inspection regarding the extent of Plaintiff's damages suffered as a result of the Accident;

c) By offering a clearing insufficient amount to Plaintiff to settle her UIM claim without a factual or legal basis; and

d) By favoring its own interests over the interests of its insured.

44. As a direct and proximate result of Defendant Safeco's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Safeco her economic and non-economic damages outlined herein, including the attorneys' fees and costs Plaintiff has incurred and will incur as a result of Defendant Safeco's conduct.

45. Defendant Safeco acted with intent and knowingly, with actual malice, such that Plaintiff is entitled to an award of punitive damages against Defendant Safeco.

**COUNT III – UNFAIR TRADE PRACTICES**
**(THE LIBERTY DEFENDANTS)**

46. Plaintiff restates and re-alleges, as though fully incorporated into Count III, each and every allegation contained in Paragraphs 1 through 42 of this *Complaint*.

47. The Liberty Defendants had adequate notice of Plaintiff's claim for UIM benefits and had adequate time to investigate any insurance coverage issues and were not in any way prejudiced by the timeliness or lack of timeliness of notification of Plaintiff's claim.

48. At all times relevant herein, the Liberty Defendants failed and refused to conduct a prompt and reasonable investigation based on all available information, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(c) and W. Va. Code §33-11-4(9)(d).

49. In particular, the Liberty Defendants failed and refused to fully, completely, and timely investigate the Accident, the damages suffered by Plaintiff as a result of the Accident, and the treatment necessary to ensure Plaintiff's recovery, in order to pay the UIM benefits owed under the Policy.

50. At all times relevant herein, the Liberty Defendants failed and refused to effectuate a prompt, fair and equitable settlement of Plaintiff's claims by refusing to pay for the damages suffered by Plaintiff as a result of the Accident, despite the fact that Defendant Safeco's liability

was reasonably clear, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(f).

51. Specifically, the Liberty Defendants failed and refused to pay Plaintiff's entire claim for damages she was entitled to recover from Mr. Nichols as a result of the Accident, despite being provided with the information that Mr. Nichols was completely at fault and being provided with Plaintiff's medical records and bills for the injuries and damages sustained as a result of the Accident.

52. Through their refusal to pay Plaintiff the amount owed under the Policy, the Liberty Defendants compelled Plaintiff to retain counsel and to institute this action in order to recover the amounts due Plaintiff under the Policy, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(g).

53. The Liberty Defendants' conduct, as described hereinabove, is part of their general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations.

54. In particular, the violations of the Liberty Defendants in connection with the handling of Plaintiff's claim demonstrates a pattern and practice of violating the Unfair Trade Practices Act by the Liberty Defendants as opposed to an isolated incident.

55. As a direct and proximate result of the Liberty Defendants' violations of applicable consumer protection statutes, Plaintiff has suffered annoyance, inconvenience, aggravation and emotional distress, and have been forced to incur the attorneys' fees and costs associated with pursuing their claims and instituting the present action in order to recover the insurance proceeds owed by Defendant Safeco.

56. This Court has jurisdiction over this action against the Liberty Defendants for their violations of West Virginia's consumer protection statutes and regulations, and Plaintiff is entitled

to an award of damages for her legal fees and costs, net economic losses and other damages pursuant to said cause of action.

57. From their initial notification of Plaintiff's claim, the Liberty Defendants acted willfully, intentionally and maliciously, predetermined to delay and deny payment of the UIM benefits due and owing to Plaintiff under the Policy.

58. At all times relevant herein, the Liberty Defendants acted with the deliberate and malicious intent to injure and harm Plaintiff, in violation of their duties under the Unfair Trade Practices Act and the West Virginia Insurance Regulations as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff and all of which warrants and commands an award of punitive damages against the Liberty Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Liberty Defendants, as follows:

a) An award of compensatory damages against Defendant Safeco in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Safeco's breach of contract;

b) An award of compensatory damages against Defendant Safeco in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Safeco's common law bad faith and its breach of its duty of good faith and fair dealing to Plaintiff;

c) An award of compensatory damages against the Liberty Defendants in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of the actions of the Liberty Defendants in violating the Unfair Trade Practices Act as a business practice;

d) An award of punitive damages against Defendant Safeco in connection with its actual malice, bad faith and its breach of its duty of good faith and fair dealing, in connection with its handling of the Plaintiff's UIM claim for damages resulting from the automobile accident on November 5, 2022;

e) An award of punitive damages against the Liberty Defendants in connection with their actual malice in violating the Unfair Trade Practices Act as a business practice in the handling of the Plaintiff's UIM claim; and

f) An award of pre-judgment interest, post-judgment interest, and court costs, and such further and additional relief as the Court and/or jury deems just and proper in connection with the Plaintiff's claim and the Liberty Defendants' acts and omissions.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**CHELSEY ULLOM,**

**By counsel,**

/s/ Brent K. Kesner

Brent K. Kesner (WVSB #2022)
Anthony E. Nortz (WVSB #12944)
Kevin C. Kidd (WVSB #13642)
**Kesner & Kesner, PLLC**
112 Capitol Street
Charleston, WV 25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265
bkesner@kesnerlaw.com
anortz@kesnerlaw.com
kkidd@kesnerlaw.com

and

Eric J. Holmes (WVSB #8557)
Kevin C. Harris (WVSB #8814)
**Law Offices of Harris and Holmes, PLLC**
115 North Church Street
Ripley, WV 25271
*Phone:* (304) 372-7004
*Fax:* (304) 372-7042
eric@harrisholmeslaw.com
kevin@harrisholmeslaw.com
*Counsel for Plaintiff*

CERTIFIED MAIL

US POSTAGE PITNEY BOWES

ZIP 25311 $ 010.29$^{0}$
02 4W
0000377385 MAR. 10. 2026

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0004 7915 49

NICHOLAS BLACK
5801 COPPOCK LANE
INDIANAPOLIS, IN 46221

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

**Control Number:** 355817

**Defendant:** NICHOLAS BLACK
5801 COPPOCK LANE
INDIANAPOLIS, IN 46221 US

**County:** Kanawha

**Civil Action:** CC-20-2025-C-1356

**Certified Number:** 92148901125134100004791549

**Service Date:** 3/9/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 11/13/2025 1:54 PM
CC-20-2025-C-1356
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Chelsey Ullom v. Safeco Insurance Company of America**

Service Type: Filer - Secretary of State

NOTICE TO: Nichola Black, 5801 Coppock Lane, Indianapolis, IN 46221

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Brent Kesner, PO Box 2587, , Charleston, WV 25329

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/13/2025 1:54:31 PM — Date

/s/ Cathy S. Gatson — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

____________ Date

____________ Server's Signature

2026 MAR -9 A 10: 01

E-FILED | 11/13/2025 1:54 PM
CC-20-2025-C-1356
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**CHELSEY ULLOM,**

**Plaintiff,**

**v.**

**Civil Action No. __________**
**Honorable __________**

**SAFECO INSURANCE COMPANY OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, AND NICHOLAS BLACK,**

**Defendants.**

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Chelsey Ullom ("Plaintiff" or "Insured"), who for her *Complaint* against Safeco Insurance Company of America ("Safeco"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Nicholas Black ("Black")(collectively "the Liberty Defendants") states as follows:

## PARTIES, JURISDICTION, AND APPLICABLE LAW

1. At all times relevant to this action, Plaintiff was a resident of Evans, Jackson County, West Virginia.

2. Upon information and belief, Defendant Black was at all times relevant to this Complaint a resident of a state other than West Virginia, and was employed by Defendant Safeco and/or Defendant Liberty.

3. Upon information and belief, Defendant Safeco is a New Hampshire corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Defendant Safeco does business in the State of West Virginia, including selling policies, insuring vehicles, and adjusting claims in Kanawha County, West Virginia.

4. Upon information and belief, Defendant Liberty Mutual is a Massachusetts Corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts

02116. Defendant Liberty Mutual does business in the State of West Virginia, including selling policies, insuring vehicles, and adjusting claims in Kanawha County, West Virginia.

5. Upon information and belief, Defendant Liberty Mutual is the parent company of Defendant Safeco and controls the operations of Defendant Safeco.

6. Upon information and belief, Defendant Safeco operates under the policies, procedures, and guidelines of Defendant Liberty Mutual.

7. Pursuant to W.Va. Code § 56-1-1(a)(1), jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, inasmuch as Defendants Safeco and Liberty Mutual each do business in Kanawha County, West Virginia.

8. At all times relevant to this Complaint, Defendant Black was acting within the course and scope of his employment with Defendants Safeco and/or Liberty Mutual, and they are chargeable with his acts and omissions under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty, respondeat superior, and/or insurance regulatory law.

9. At all relevant times, the Liberty Defendants were engaged in the business of insurance in the State of West Virginia, as defined by Chapter 33 of the West Virginia Code, and were subject to the laws of West Virginia and the Rules and Regulations adopted and promulgated by the West Virginia Insurance Commissioner.

## FACTUAL BACKGROUND

10. At all times relevant to this *Complaint*, Plaintiff was insured under Safeco Insurance Company of America Policy No. K3578260 ("the Policy"), with relevant effective dates of coverage from July 1, 2022, to July 1, 2023.

11. The Policy provided Underinsured Motorist coverage Plaintiff's 2021 Honda Accord for bodily injury in the amount of $100,000.00 and medical payments coverage in the amount of $1,000.00.

12. All premiums were timely paid by Plaintiff for the Policy as due, and Plaintiff has complied with the material terms, conditions, and requirements of the Policy.

13. On or about November 5, 2022, Plaintiff was the driver of a vehicle that was traveling on Route 62, near Ripley, Jackson County, West Virginia.

14. On or about November 5, 2022, Randy Nichols was driving in a careless and reckless manner, and struck Plaintiff's vehicle ("the Accident").

15. At the time of the Accident, Randy Nichols was driving and struck Plaintiff's vehicle, he was intoxicated.

16. As a direct and proximate result of the negligence, carelessness and recklessnes of Randy Nichols, Plaintiff was severely injured and incurred medical damages in excess of the policy limits carried by Mr. Nichols.

17. Following the Accident, Plaintiff provided the Liberty Defendants with timely notification of the accident and Plaintiff's damages.

18. Ultimately, Plaintiff reached a resolution of her bodily injury claim with Mr. Nichols' insurance carrier for the limits of his insurance coverage.

19. On August 16, 2023, Defendant Safeco consented to Plaintiff's settlement with Mr. Nichols for his insurance limits in the amount of $25,000.00 and waived its subrogation rights.

20. Plaintiff's injuries and damages suffered as a result of the Accident far exceed the $25,000.00 of liability coverage benefits received from Randy Nichols' insurer.

21. Plaintiff's Policy includes underinsured motorists ("UIM") coverage benefits. Accordingly, Plaintiff made a demand to Defendants for her UIM limits under the Policy due to the clear liability of Mr. Nichols and the substantial damages suffered by Plaintiff.

22. In response, Defendants offered only $8,640.50 to resolve Plaintiff's UIM claim under the Policy.

23. Defendants' offer of $8,640.50 was clearly insufficient to compensate Plaintiff for the injuries and damages she sustained as a result of the Accident.

24. On January 22, 2025, Plaintiff made a reduced demand to Defendants of $50,000.00.

25. In response, Defendants increased its offer minimally to $12,000.00 to resolve the claim in March of 2025.

26. Defendants' offer of $12,000.00 was clearly insufficient to compensate Plaintiff for the injuries and damages she sustained as a result of the Accident.

27. Defendants failed and refused to properly investigate the extent of Plaintiff's injuries and damages arising from the Accident.

28. The Defendants have failed to offer and pay Plaintiff the amounts owed under the Policy.

29. As a direct and proximate result of the Liberty Defendants' acts and omissions, Plaintiff has suffered consequential damages and substantial emotional stress and mental anguish.

30. Under the laws of the State of West Virginia, Defendant Safeco is responsible for the consequential damages arising from its breach of its contractual duties and obligations owed to Plaintiff.

31. The Liberty Defendants failed and refused to conduct a thorough, fair, and objective investigation of Plaintiff's claim in connection with the November 5, 2022 accident.

32. Defendant Safeco failed to adopt and implement reasonable standards for the prompt investigation and handling of claims and refused to pay all amounts owed to Plaintiff related to the Accident without conducting a reasonable investigation based upon all available information.

33. The Liberty Defendants failed and refused to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendant Safeco's liability to Plaintiff was reasonably clear, in violation of W.Va. Code §33-11-4(9)(f).

34. The Liberty Defendants have forced Plaintiff to institute litigation to recover the UIM benefits due under the Policy.

35. The Liberty Defendants failed and refused to properly adjust, handle, and timely pay Plaintiff's claim for benefits due and owing under the Policy, which has caused Plaintiff significant economic and non-economic damages.

36. Due to the Liberty Defendants' actions, Plaintiff has sustained damages, including the loss of the insurance proceeds to which she is entitled; the consequential damages arising from the Liberty Defendants' delay; economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the Liberty Defendants' conduct.

## COUNT I – BREACH OF CONTRACT
## (SAFECO)

37. Plaintiff restates and re-alleges, as though fully incorporated into Count I, each and every allegation contained in Paragraphs 1 through 33 of this *Complaint*.

38. Pursuant to the terms of the Policy, Defendant Safeco is, and has been, obligated to pay UIM benefits to Plaintiff for the injuries she suffered as a result of the Accident.

39. Defendant Safeco's delay and refusal to pay Plaintiff for the injuries and damages she suffered as a result of the Accident constitutes a breach of the terms of the Policy and Defendant

Safeco's contractual duties to Plaintiff and have caused foreseeable consequential damages to Plaintiff.

40. As a direct and proximate result of Defendant Safeco's breach of its duties and obligations under the Policy, Plaintiff has sustained damages, including the loss of the UIM insurance benefits to which she is entitled; the consequential damages flowing from Defendant Safeco's breach of its contracted duties and obligations, economic loss and lost interest; the attorney fees and litigation expenses associated with pursuing this civil action; and the other economic and non-economic damages arising from the conduct of Defendant Safeco.

**COUNT II – COMMON-LAW "BAD FAITH"**
**(SAFECO)**

41. Plaintiff restates and re-alleges, as though fully incorporated into Count II, each and every allegation contained in Paragraphs 1 through 37 of this *Complaint*.

42. Through its actions described herein, including the unreasonable delay and refusal to pay Plaintiff for the injuries and damages suffered as a result of the Accident, Defendant Safeco breached its common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common-law bad faith."

43. In particular, through its actions, delay, and refusal to pay Plaintiff for her injuries and damages suffered as a result of the Accident, Defendant Safeco breached its duty of good faith:

a) By failing to conduct an adequate, timely and thorough investigation to determine the UIM policy benefits due and owing to Plaintiff;

b) By failing to conduct a complete investigation and inspection regarding the extent of Plaintiff's damages suffered as a result of the Accident;

c) By offering a clearing insufficient amount to Plaintiff to settle her UIM claim without a factual or legal basis; and

d) By favoring its own interests over the interests of its insured.

44. As a direct and proximate result of Defendant Safeco's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Safeco her economic and non-economic damages outlined herein, including the attorneys' fees and costs Plaintiff has incurred and will incur as a result of Defendant Safeco's conduct.

45. Defendant Safeco acted with intent and knowingly, with actual malice, such that Plaintiff is entitled to an award of punitive damages against Defendant Safeco.

**COUNT III – UNFAIR TRADE PRACTICES**
**(THE LIBERTY DEFENDANTS)**

46. Plaintiff restates and re-alleges, as though fully incorporated into Count III, each and every allegation contained in Paragraphs 1 through 42 of this *Complaint*.

47. The Liberty Defendants had adequate notice of Plaintiff's claim for UIM benefits and had adequate time to investigate any insurance coverage issues and were not in any way prejudiced by the timeliness or lack of timeliness of notification of Plaintiff's claim.

48. At all times relevant herein, the Liberty Defendants failed and refused to conduct a prompt and reasonable investigation based on all available information, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(c) and W. Va. Code §33-11-4(9)(d).

49. In particular, the Liberty Defendants failed and refused to fully, completely, and timely investigate the Accident, the damages suffered by Plaintiff as a result of the Accident, and the treatment necessary to ensure Plaintiff's recovery, in order to pay the UIM benefits owed under the Policy.

50. At all times relevant herein, the Liberty Defendants failed and refused to effectuate a prompt, fair and equitable settlement of Plaintiff's claims by refusing to pay for the damages suffered by Plaintiff as a result of the Accident, despite the fact that Defendant Safeco's liability

was reasonably clear, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(f).

51. Specifically, the Liberty Defendants failed and refused to pay Plaintiff's entire claim for damages she was entitled to recover from Mr. Nichols as a result of the Accident, despite being provided with the information that Mr. Nichols was completely at fault and being provided with Plaintiff's medical records and bills for the injuries and damages sustained as a result of the Accident.

52. Through their refusal to pay Plaintiff the amount owed under the Policy, the Liberty Defendants compelled Plaintiff to retain counsel and to institute this action in order to recover the amounts due Plaintiff under the Policy, thereby violating applicable consumer protection statutes and regulations, including W. Va. Code §33-11-4(9)(g).

53. The Liberty Defendants' conduct, as described hereinabove, is part of their general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations.

54. In particular, the violations of the Liberty Defendants in connection with the handling of Plaintiff's claim demonstrates a pattern and practice of violating the Unfair Trade Practices Act by the Liberty Defendants as opposed to an isolated incident.

55. As a direct and proximate result of the Liberty Defendants' violations of applicable consumer protection statutes, Plaintiff has suffered annoyance, inconvenience, aggravation and emotional distress, and have been forced to incur the attorneys' fees and costs associated with pursuing their claims and instituting the present action in order to recover the insurance proceeds owed by Defendant Safeco.

56. This Court has jurisdiction over this action against the Liberty Defendants for their violations of West Virginia's consumer protection statutes and regulations, and Plaintiff is entitled

to an award of damages for her legal fees and costs, net economic losses and other damages pursuant to said cause of action.

57. From their initial notification of Plaintiff's claim, the Liberty Defendants acted willfully, intentionally and maliciously, predetermined to delay and deny payment of the UIM benefits due and owing to Plaintiff under the Policy.

58. At all times relevant herein, the Liberty Defendants acted with the deliberate and malicious intent to injure and harm Plaintiff, in violation of their duties under the Unfair Trade Practices Act and the West Virginia Insurance Regulations as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff and all of which warrants and commands an award of punitive damages against the Liberty Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Liberty Defendants, as follows:

a) An award of compensatory damages against Defendant Safeco in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Safeco's breach of contract;

b) An award of compensatory damages against Defendant Safeco in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of Defendant Safeco's common law bad faith and its breach of its duty of good faith and fair dealing to Plaintiff;

c) An award of compensatory damages against the Liberty Defendants in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the damages, attorney fees and costs and net economic losses of Plaintiff, sustained as a result of the actions of the Liberty Defendants in violating the Unfair Trade Practices Act as a business practice;

d) An award of punitive damages against Defendant Safeco in connection with its actual malice, bad faith and its breach of its duty of good faith and fair dealing, in connection with its handling of the Plaintiff's UIM claim for damages resulting from the automobile accident on November 5, 2022;

e) An award of punitive damages against the Liberty Defendants in connection with their actual malice in violating the Unfair Trade Practices Act as a business practice in the handling of the Plaintiff's UIM claim; and

f) An award of pre-judgment interest, post-judgment interest, and court costs, and such further and additional relief as the Court and/or jury deems just and proper in connection with the Plaintiff's claim and the Liberty Defendants' acts and omissions.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**CHELSEY ULLOM,**

**By counsel,**

/s/ Brent K. Kesner
Brent K. Kesner (WVSB #2022)
Anthony E. Nortz (WVSB #12944)
Kevin C. Kidd (WVSB #13642)
**Kesner & Kesner, PLLC**
112 Capitol Street
Charleston, WV 25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265
bkesner@kesnerlaw.com
anortz@kesnerlaw.com
kkidd@kesnerlaw.com

and

Eric J. Holmes (WVSB #8557)
Kevin C. Harris (WVSB #8814)
**Law Offices of Harris and Holmes, PLLC**
115 North Church Street
Ripley, WV 25271
*Phone:* (304) 372-7004
*Fax:* (304) 372-7042
eric@harrisholmeslaw.com
kevin@harrisholmeslaw.com
*Counsel for Plaintiff*